```
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
LORI CHAVEZ-DEREMER, Secretary of Labor,         :
United States Department of Labor,
                                                  :
                                                       No. 24-cv-8720-NJC-AYS
                Plaintiff,                        :
         v.
                                                  :
FRIENDS FOR LIFE HOME CARE SERVICES LLC
d/b/a FRIENDS FOR LIFE HOMECARE, FRIENDS         :
FOR LIFE HOME CARE OF MERRICK LLC d/b/a
FRIENDS FOR LIFE HOMECARE, FRIENDS FOR           :
LIFE HOME CARE SERVICES OF BABYLON, LLC
d/b/a FRIENDS FOR LIFE HOMECARE, FRIENDS         :
FOR LIFE MEDICAID CONSULTANTS, LLC d/b/a
FRIENDS FOR LIFE HOMECARE, MICHAEL                :
RECCO, Individually, and AMY RECCO, Individually,
                                                  :

                Defendants.                       :

-----------------------------------------------------------------
```

## CONSENT JUDGMENT

1. Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor (the "Secretary") has filed her Complaint in this case under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.) (the "Act" or the "FLSA"). Defendants Friends for Life Home Care Services LLC d/b/a Friends for Life Homecare, Friends for Life Home Care of Merrick LLC d/b/a Friends for Life Homecare, Friends for Life Home Care Services of Babylon, LLC d/b/a Friends for Life Homecare, Friends for Life Medicaid Consultants, LLC d/b/a Friends for Life Homecare, Michael Recco, and Amy Recco ("Defendants") appeared by counsel and filed their answer. Defendants agree to the entry of this Consent Judgment without contest.

2. Defendants agree for settlement purposes only that they are a covered enterprise under sections 3(r) and 3(s) of the Act and that the provisions of the Act apply to Defendants.

3. Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

4. The Secretary's Complaint alleged that Defendants violated sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (the "Act" or the "FLSA") by failing to pay their homecare aides overtime wages and failing to make, keep, and preserve adequate and accurate records. This Consent Judgment resolves all disputes regarding the Complaint.

5. Defendants acknowledge that they have notice of, and understand, the provisions of this Consent Judgment, and acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with the provisions of this Consent Judgment.

6. Defendants agree that as of the date they execute this Consent Judgment, the individuals who perform domestic service work for them, including but not limited to homecare aides, are classified as employees rather than as independent contractors for purposes of the FLSA.

It is, therefore, upon motion of the attorneys for the Secretary and for good cause shown, ORDERED that:

I. Defendants, their officers, employees, agents, and all persons acting or claiming to act in Defendants' behalf and interest, be, and hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act in any of the following manners:

    a.    Defendants shall not, to the extent it is contrary to section 7 of the Act, employ any of their employees for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

    b.    Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment. Defendants shall make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, such records of employees and of the wages, hours, and other conditions and practices of employment, as prescribed by regulations issued pursuant to sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

    c.    Defendants shall not discharge, blacklist, demote, suspend, threaten, harass, intimidate, or in any other manner discriminate or retaliate against an employee because the employee engages in or is believed to have engaged in any of the following activities:

        i.    Discloses, protests, or threatens to disclose or protest, to a supervisor or to a public agency, any activity, policy, or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

        ii.    Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing, or inquiry into any alleged violation of the Act or a rule or regulation promulgated pursuant to the

3

      Act, by the employer or another employer with whom there is a business relationship; or

  iii. Objects to, or refuses to participate in any activity, policy, or practice that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

II. There shall be no violation of Paragraph I(c) of this Consent Judgment if Defendants terminate any individuals listed in the attached Exhibit A for reasons that are not prohibited by section 15(a)(3) of the FLSA.

III. Upon the parties' agreement that unpaid overtime back wages shall be paid to the individuals listed in Exhibit A in the amount of **$125,000.00**, plus an equal additional amount of liquidated damages in the amount of **$125,000.00**, for a total amount of **$250,000.00**, it is:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of **$125,000.00** in unpaid overtime back wages due the individuals listed in Exhibit A. Further, Defendants shall also pay a total of **$125,000.00** in liquidated damages due the individuals listed in Exhibit A. These payments shall be made by Defendants in accordance with Paragraph IV of this Consent Judgment.

IV. The provisions of this Consent Judgment relative to back wage payments and liquidated damages shall be deemed satisfied when Defendants fully comply with the terms of payment set forth below. Payment of the monies owed shall be made by Defendants within 30 days of the Court approving this Consent Judgment. Payment shall be paid by Defendants by credit card, debit card, or bank account transfer by going to www.pay.gov and completing the following steps:

  a. For payment of back wages and liquidated damages visit

4

https://pay.gov/public/form/start/77689032.

      b.    Select "Continue to Form" and complete the required fields.

          i.    The "BW/CMP Case Number" is 1978879.

          ii.    The "Date of Assessment" is the date of execution of this Consent Judgment.

V.    The Secretary shall distribute Defendants' payments for back wages and liquidated damages, less any legal deductions, to the individuals listed in Exhibit A, or to their estates, as set forth in Exhibit A. Any sums not distributed within a period of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employers' share of any applicable taxes to the appropriate state and federal revenue authorities.

VI.    Defendants shall assist the Plaintiff in the distribution of the back wages and liquidated damages due by providing the last known addresses, phone numbers, emails, and social security numbers, if such is available, of the individuals listed in Exhibit A within 60 days of executing this Consent Judgment.

VII.    Defendants, and anyone acting on their behalf, shall not directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against anyone because of their receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

VIII.    If Defendants fail to make payment in accordance with Paragraph IV of this Consent Judgment above, then Defendants consent to the entry of a Writ of Execution, pursuant

to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. The Secretary may seek such a writ at any time after any such failure to make payment and may represent in filing for such a writ that Defendants consent to its issuance.

IX. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any individuals not listed in Exhibit A of this Consent Judgment, be they current or former alleged employees, to file any action against Defendants under section 16(b) of the Act, or likewise for any individual listed on Exhibit A to file any action against Defendants under section 16(b) of the Act for violations alleged to have occurred after July 23, 2023. Likewise, neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of Plaintiff to file any actions against Defendants under sections 7, 11(c), 15(a)(2), or 15(a)(5) of the FLSA for violations alleged to have occurred after July 25, 2025.

X. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

XI. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

Dated: January 8, 2026
      Central Islip, New York

                                          BRENNA B. MAHONEY
                                          CLERK OF COURT

                                By:    /s/ James J. Toritto
                                          Deputy Clerk